UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANA I. RAMOS,

                    Plaintiff,

                                                    Case No. 18-1900-pp

          v.

CONTINENTAL AUTOMOTIVE SYSTEMS, INC.,

                    Defendant.

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL (DKT. NO. 29) AND PLAINTIFF'S MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL (DKT. NO 39), ALLOWING THE PARTIES TO FILE RENEWED MOTIONS TO SEAL OR RESTRICT BY SEPTEMBER 15, 2020, AND REQUIRING THE CLERK OF COURT TO CONTINUE TO RESTRICT ACCESS PENDING RESOLUTION OF ANY RENEWED MOTION**

In the process of briefing defendant's motion for summary judgment, the parties have filed motions to seal documents. Dkt. No. 29, 39. The defendant asks the court to "seal" exhibits 2-5, 10-18, and 20-36, which were filed along with the Declaration of Ann M. Mayette. Dkt. No. 29. The plaintiff asks the court to "restrict" access to exhibits 2, 4, and 8. Dkt. No. 39. Both parties cite the stipulation and protective order approved by Judge Jones. Dkt. No. 20.

General Local Rule 79(d) governs procedures for motions to restrict. The rule requires the motion to describe "the general nature of the information withheld from the public record." The motion must be supported by "sufficient facts demonstrating good cause for withholding the document or material from the public record." General L.R. 79(d)(3) (E.D. Wis.). If the movant is not the

1

party who designated the material confidential, the movant may "explain in the motion that the documents or materials are being filed under seal pursuant to a Court-approved protective order or otherwise, and that the filing party supports, objects to, or takes no position on the continued sealing of the documents or materials." Id. In response, the party that originally designated the material confidential may, if it chooses to do so, provide facts showing good cause to continue the restriction. Id. If neither party provides "a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials," the court "must" deny the motion. Id. Finally, section (d)(4) requires the movant to include in its motion "a certification that the parties have conferred in a good faith attempt to avoid the motion or to limit the scope of the documents or materials subject to sealing under the motion." Id.

The rule exists because the Seventh Circuit requires good cause to seal or restrict documents. The Seventh Circuit has explained that the public has an interest in what goes on at all stages of a judicial proceeding. Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999). Simply agreeing that a document should be sealed does not override the public's interest. See United States v. Sanford-Brown, Ltd., 788 F.3d 696, 713 (7th Cir. 2015) (vacated on other grounds, United States ex rel. Nelson v. Sanford-Brown, Ltd., 136 S. Ct. 2506 (2016)).The parties must provide the requisite good cause, which is missing from their pending motions.

The court acknowledges that the parties have stipulated that they will maintain the confidentiality of certain documents. Paragraph 8 of their

stipulated protective order states that all confidential information that is filed with the court must be filed in an envelope marked sealed and such information shall be kept under seal until further order of the court. Dkt. No. 19 at 5; Dkt. No. 20. However, this court requires that the parties comply with General Local Rule 79(d) and Seventh Circuit case law, providing good cause for the requested relief. The court will allow the parties to renew their motions, providing good cause and limiting their requests, if possible, to the narrowest portion of each exhibit. The parties should be aware that there is a difference between restricting the documents, which allows the parties to continue to access the documents, and sealing, which allows only the court to access the documents.

The court **DENIES WITHOUT PREJUDICE** the defendant's motion for leave to file under seal, dkt. no. 29, and the plaintiff's motion to restrict, dkt. no. 39. The parties may renew their motions by September 15, 2020. The Clerk of Court shall continue to restrict access to the documents attached to dkt. nos. 34 and 41 pending resolution of any renewed motion.

Dated in Milwaukee, Wisconsin this 3rd day of September, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3